UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISTIN SIMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>WINDHAM PROFESSIONSAL, INC.<br><br>    Defendant, | )<br>)<br>)<br>)<br>)  Civil Action No. 4:11-cv-02776<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

KRISTIN SIMPSON ("Plaintiff"), through the undersigned counsel, DAVE LILLEY, alleges the following against WINDHAM PROFESSIONALS, INC., ("Defendant"):

### INTRODUCTION

This is an action for actual and statutory damages brought by Plaintiff, Kristin Simpson, an individual consumer, against Defendant, Windham Professionals, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## PARTIES

2. Plaintiff, Kristin Simpson, is a natural person with a permanent residence in Houston, Harris County Texas.

3. Upon information and belief the Defendant, Windham Professionals, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 380 Main Street, Salem, Rockingham County New Hampshire 03079. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

6. Plaintiff informed De3fendant in march of 2011 that her employer does not allow her to receive personal calls at work.

7. In May of 2011, Defendant on two (2) separate occasions, attempted to communicate with Plaintiff by placing calls to her at her place of employment.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that they would put a lien on her home.

9. Defendant has no standing to place a line on Plaintiff's property on behalf of the creditor.

10. Defendant is a debt collection company and as a debt collection company attempting to collection a federal loan, Defendant can only refer the matter back to the creditor with a recommendation that take proper actions to lien property of Plaintiff.

11. The representations made to Plaintiff by Defendant regarding leins were false.

12. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that they would garnish her and take "all her wages."

13. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

14. Defendant is a debt collection company and as a debt collection company attempting to collection a federal loan, Defendant can only refer the matter back to the creditor with a recommendation that they send notice of garnishment.

15. The representations made to Plaintiff by Defendant regarding garnishment were false.

16. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We will take you to court."

17. Defendant has no standing to commence legal proceedings on behalf of the creditor.

18. Defendant is a debt collection company and as a debt collection company attempting to collection a federal loan, Defendant can only refer the matter back to the creditor with a recommendation that they commence legal proceedings.

19. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

20. The natural consequences of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

21. The natural consequences of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

22. The natural consequences of Defendant's statements was to cause Plaintiff mental distress.

## CLAIM FOR RELIEF

23. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

24. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

>   (a) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at Plaintiff's place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication; and
>
>   (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and
>
>   (c) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and
>
>   (d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and
>
>   (e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(f) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the attachment, or sale of any property of any person when such action is unlawful and the Defendant does not intend to take such action; and

(g) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(h) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(i) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

25. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Kristin Simpson, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Windham Professionals, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KRISTIN SIMPSON, demands trial by jury in this action.

This 29th day of July, 2011.

                ALEX SIMANOVSKY & ASSOCIATES, LLC

                /s/ *Dave Lilley*
                Dave Lilley, Esq.
                TX Bar No. 24035064
                Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891